UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOARDS OF TRUSTEES OF THE WEST
MICHIGAN PLUMBERS, FITTERS &
SERVICE TRADES LOCAL UNION
NO. 174 PENSION PLAN, MONEY
PURCHASE PENSION PLAN, AND
HEALTH AND BENEFITS PLAN,

       Plaintiffs,

                                        File No.  1:06-CV-676

v.

                                        HON. ROBERT HOLMES BELL

MICHIGAN MECHANICAL SYSTEMS,
INC.,

       Defendant.

_____/

**O P I N I O N**

      This matter is before the Court on Defendant Michigan Mechanical Systems Inc.'s

("MMS") motion to vacate default and default judgment.  For the reasons stated herein the

motion will be denied.

**I.**

      Plaintiffs, the Boards of Trustees of the West Michigan Plumbers, Fitters & Service

Trades Local Union No. 174 Pension Plan, Money Purchase Pension Plan and Health and

Benefits Plan, (the "Plans"), filed this action on September 15, 2006, to recover

contributions  allegedly owed to the Plans by Defendant MMS pursuant to a collective

bargaining agreement.  (Dkt. No. 1, Compl. ¶ 6.)  Default was entered against MMS on

January 8, 2007.  (Dkt. No. 5, Default.)  A default judgment in the amount of $197,622.81 was entered against MMS on March 28, 2007.  (Dkt. No. 15, Default J.)  MMS became aware of the judgment against it on May 2, 2007.  (Dkt. No. 28, Mot. to Vacate, Ex. 1, Russo Aff. ¶ 16.)  On October 1, 2007, MMS filed the current motion to vacate the default and default judgment pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure.  (Dkt. No. 28.)  MMS contends that the default and default judgment should be set aside because the judgment is void and the entry of default was not the result of any "culpable conduct" on the part of MMS.  MMS also contends that it has a meritorious defense and that Plaintiffs will not be prejudiced if the requested relief is granted.

## II.

The Federal Rules of Civil Procedure provide that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  The district court enjoys "considerable latitude" under the good cause standard to grant a defendant relief from the entry of default.  *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir.  2003) (quoting  *United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999)).  In determining whether good cause has been shown, the Court considers three equitable factors:

> (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced.

*Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006) (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

These three equitable factors also apply to a Rule 60(b) motion to set aside entry of a judgment by default. *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003) (citing *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1983)). However, "the methodology for considering these factors and the weight to be accorded them depends on whether the court is confronted by an entry of default or a default judgment." *Waifersong*, 976 F.2d at 292. Once a default has ripened into a default judgment, the court must first consider the stricter requirements of Rule 60(b). *Burrell*, 434 F.3d at 832. The stricter standard of review applies because the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation as reflected in Rule 60(b). *Id.* Nevertheless, in light of the competing policy favoring disposition of cases on their merits, ambiguous or disputed facts will be construed in the light most favorable to the defendant. *Id.*; *see INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (resolving all factual doubts and ambiguities in favor of the defendant).

## A.  Rule 60(b)(4)

MMS contends that the judgment is void because the Plaintiffs failed to properly effect service of process on MMS.

Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties. *O.J. Distributing*, 340 F.3d at 353 (citing *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976)). "Therefore, if service of process was not proper, the court must set aside an entry of default." *Id.*

Service of process on a corporation can be made by delivering a copy of the summons and complaint to an officer or agent of the corporation and by mailing a copy of the summons and complaint to the defendant. Fed. R. Civ. P. 4(h)(1)(B). The record in this case includes a return of service indicating that the summons and complaint was personally served on Tony Russo, statutory agent for MMS, on November 9, 2006, (Dkt. No. 2), and a proof of service indicating that the summons and complaint were mailed to MMS by certified mail, together with a certified mail receipt showing delivery and acceptance by Mr. Russo (Dkt. No. 3).

There is no dispute that Mr. Russo is the President of MMS and its resident agent. (Russo Aff. ¶ 1; Dkt. No. 36, Pls.' Resp., Ex. 3.) There is also no dispute that Mr. Russo received and signed for the certified mail containing the summons and complaint. Nevertheless, MMS contends that service was not perfected because MMS was never personally served with the complaint. In support of this assertion MMS has presented Mr. Russo's September 21, 2007, affidavit in which Mr. Russo states that he has "no recollection of being personally served with the summons and complaint in this case on November 9, 2006." (Russo Aff. ¶ 10.)

Plaintiffs filed a return of service with the Court which indicated that Jeffrey D. Streelman, a process server, personally served Mr. Russo on November 9, 2006, the same date that Mr. Streelman signed the declaration. (Dkt. No. 2, Return of Service.) Plaintiffs have also provided a more recent declaration from Mr. Streelman indicating that he has a specific recollection of the details surrounding his personal service of the summons and complaint on Mr. Russo. (Dkt. No. 36, Ex. 5, Decl. of Streelman ¶¶ 3-9.)

On a motion to set aside a default judgment the court construes ambiguous or disputed facts in the light most favorable to the defendant. *Burrell*, 434 F.3d at 832. Mr. Russo's affidavit, however, is not sufficient to create a factual doubt about whether or not he was personally served. Mr. Russo does not deny that he was personally served. He merely indicates, almost a year after the alleged event, that he lacks a recollection as to whether he was served on that particular date. This lack of recollection is not sufficient to create an issue of fact as to the fact of personal service.

In light of MMS's inability to come forward with any evidence to challenge Plaintiffs' proofs regarding personal service, there are no disputed facts on the issue of service. The record is sufficient to show that Plaintiffs properly served MMS with the summons and complaint by delivering a copy of the summons and complaint to an officer or agent of the corporation and by mailing a copy of the summons and complaint to the defendant. Fed. R. Civ. P. 4(h)(1)(B). Accordingly, the judgment is not void for lack of

service, and Rule 60(b)(4) does not provide a basis for relieving MMS from the default judgment.

## B. Rule 60(b)(1)

MMS contends, in the alternative, that the default and default judgment should be set aside pursuant to Rule 60(b)(1) because they were not the result of any "culpable conduct" on the part of MMS.

Rule 60(b)(1) authorizes the court to set aside a judgment in cases of "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1). "[A] party seeking to vacate a default judgment under Rule 60(b)(1) must demonstrate first and foremost that the default did not result from his culpable conduct." *Weiss v. St. Paul Fire and Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002). "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (quoting *INVST*, 815 F.2d at 399).

MMS contends that its failure to file an answer was not the result of culpable conduct because MMS was confused about whether or not it had been properly served. MMS attributes this confusion to the fact that Plaintiffs "attempted to serve MMS on at least four separate occasions over a period of approximately three months." (Russo Aff. ¶ 7.)

The evidence is undisputed that MMS received a copy of the summons and complaint sometime before September 26, 2006, and faxed it to the law firm of Miller Johnson for

review. (Dkt. No. 28, Ex. 5.) On October 4, 2006, Miller Johnson advised MMS that it would not represent MMS in the absence of a written engagement agreement. Nevertheless, Miller Johnson advised MMS that it should immediately determine whether it had been properly served, and, if service had occurred, to file a timely response or to seek an extension in order to avoid a default and default judgment. (Dkt. No. 28, Ex. 6.)

Thereafter, Mr. Russo contacted Plaintiffs' counsel, Brian Lang, and asked when an answer was due. (Dkt. No. 36, Ex. 1, Lang Decl. ¶¶ 10-11.) Mr. Lang explained the effect of a waiver of service and Mr. Russo agreed that he would be willing to execute such a waiver. (*Id.* ¶ 12.) Pursuant to that agreement, on October 20, 2006, Mr. Lang's office sent Mr. Russo a "waiver of service" form together with a second summons and complaint. (Dkt. No. 28, Ex. 7; Russo Aff. ¶ 7; Lang Decl. ¶ 13.) When Mr. Russo did not return a signed copy of the waiver to Mr. Lang, Mr. Lang sought other service. (Lang Decl. ¶¶ 16-17.) Mr. Russo acknowledges that on November 6, 2006, he received a third summons and complaint by certified mail. (Russo Aff. ¶ 7; Def. Ex. 9.) According to Mr. Russo, "counsel for plaintiff attempted to serve MMS on at least four separate occasions over a period of approximately three months." (Russo Aff. ¶ 7.)

MMS has not shown a lack of culpability that would entitle it to relief under Rule 60(b)(1). MMS's failure to file an answer to this suit is not simply the result of mistake or excusable neglect. MMS was well aware of the lawsuit and had been alerted to the risks of not filing a timely answer. If MMS was confused about whether or not it had been properly

served, it could have made inquiries. The gamble it took by doing nothing evidences a reckless disregard for the effect of its conduct on judicial proceedings.

A comparison to those cases that have granted relief under Rule 60(b)(1) is instructive. In *Burrell*, 434 F.3d at 834, there was evidence that the defendant's agent had attempted to contact the clerk's office multiple times and had sent a timely response to the complaint in the manner she thought appropriate. In *Weiss*, 283 F.3d at 795, the defense counsel did not simply ignore the pleading deadlines, but repeatedly checked with the clerk's office and honestly and mistakenly relied on the information from the clerk. In *Thompson*, 95 F.3d at 433, the defendant's agent attested that the defendant was unaware that a lawsuit had been filed until after the default judgment had been entered. In *United Coin Meter*, 705 F.2d at 845, the motion for entry of default were filed before the parties' informal agreement to extend the time to file an answer had expired. MMS's conduct stands in sharp contrast to the facts of these cases because MMS was well aware of the lawsuit, had been advised of the risks of not filing a timely response, and nevertheless took no action whatsoever. This conduct cannot be viewed as "mistake, inadvertence, surprise, or excusable neglect," within the scope of Rule 60(b)(1).

Even after learning about the default judgment MMS waited an additional five-months before filing its motion to vacate the judgment. This delay is further evidence of MMS's disregard for the effect of its conduct on judicial proceedings. *Cf. Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003) (noting with approval that the motion for relief

from judgment had been filed without delay); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986) ("Where the defaulting party and counsel have not shown disrespect for the court, or have given evidence of respect for the court's process by their haste in acting to set aside the default, the courts have been inclined towards leniency.").

In light of this Court's determination that MMS has failed to meet its burden of demonstrating that the default did not result from its culpable conduct, this Court need not address MMS's contention that it has a meritorious defense and that Plaintiffs will not be prejudiced if the judgment is vacated. These equitable factors only come into play when the moving party carries its burden under Rule 60(b)(1) of demonstrating that its default was the product of mistake, inadvertence, surprise, or excusable neglect. *Williams*, 346 F.3d at 613; *Waifersong*, 976 F.2d at 292 ("It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted.").

## IV.

For the reasons stated above, MMS's motion to vacate default and default judgment will be denied. An order consistent with this opinion will be entered.

Date:     July 14, 2008          /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 CHIEF UNITED STATES DISTRICT JUDGE